The plaintiffs insisted on the trial in the court below and on the argument here, that by the correct construction of the contract made between the parties, the defendant was bound to deliver to them in New York at the place specified, such a quantity of canal oats as a lot containing 4,000 bushels, when shipped on the canal, would measure out at the place of delivery without varying in that quantity beyond five per cent. And having failed to deliver, or offer to deliver, such quantity, they were entitled to recover against the defendant such damages as they had sustained; to be computed upon that basis.
On the other hand, the defendant contended that there was nothing in the terms of the contract or the evidence, to show that any specific quantity of oats was intended by the parties as the subject of the contract. That the language of the contract contemplated an undefined "lot of canal oats," without any stipulation as to the quantity which such lot should contain, and which the defendant insisted the evidence showed was the lot, which he purchased of Booth, that the parties intended as the subject of their contract.
If it had been the intention of the parties that the one should sell and the other purchase a particular quantity of oats, and not a particular lot, irrespective of the quantity which the lot contained; it is not unreasonable to suppose that the contract would have so said. The words "Say about "four thousand bushels more or less at forty-seven cents per "bushel," immediately following the words used as descriptive *Page 162 
of the thing contracted for, namely, "a lot of canal oats," were evidently used by the parties as an estimate or representation of the supposed quantity, which the lot — the subject of the contract — contained, and not as an agreement that the lot mentioned did or should contain the quantity supposed.
The particular lot of oats contemplated is not identified by the words of the contract, and therefore parol evidence was received to show what lot it applied to, and it must be conceded that it tended strongly to show that the lot intended by the parties was the precise lot which the defendant purchased of Booth and had ready and offered to deliver to the plaintiffs, at the time and place specified by the contract, and which they refused to receive as a performance of his contract. If then, the jury were satisfied from the evidence that the lot of oats contracted for was the one which Booth owned and sold to the defendant, and the defendant had offered to deliver it to the plaintiffs at the time and place specified, pursuant to his contract, it was wholly immaterial what quantity the lot contained. Delivering, or offering to deliver, the Booth lot to the plaintiffs, was a complete defence to the action, whether there was proof of the custom contended for or not; for it could not be allowed to control this contract.
In respect to this question, the judge at the trial correctly charged the jury, that if it was the understanding of the parties at the time of making the contract, that Rice should sell, and the plaintiffs purchase of him, a certain lot of oats, the exact quantity of which was unknown, at 47 cents per bushel; and thatlot was sent and offered to be delivered to the plaintiffs, but turned out to be less than the quantity supposed, then there was an offer of a full performance of the contract on his part, and the plaintiffs could not recover. But I think that he erred in further charging the jury, that in consider ing that question it would be important for them to determine what was meant by the use of the terms "more or less" in the contract, for if these terms had acquired by the custom of trade a particular meaning at the place where the contract *Page 163 
was made, that custom must be regarded as entering into and constituting part of the contract; because the parties were presumed to contract with a knowledge of and in reference to such custom.
It was claimed by the plaintiffs that oats sent by canal to New York would usually vary in measure on arrival from the measure as shipped, about five per cent.; sometimes falling short, at other times exceeding. That it was the usage and custom of this trade in New York, that by a contract for the purchase of a given quantity of oats to be sent by canal to New York, in which the words "more or less" were inserted in reference to the quantity, the seller was bound to ship the quantity named and to deliverthat lot in New York, and whether the lot so shipped, on its arrival, fell short or exceeded the quantity shipped, the seller was bound in performance of his contract to deliver, and the purchaser was bound to receive and pay for as many bushels as they then measured, not exceeding the variation of five per cent. Now, conceding that such custom was proved to exist, and that in such a contract it could be allowed to have that effect, (which however I do not admit,) such custom could not affect this contract if it was for the sale and purchase of a particularlot and not a specific quantity; and therefore, if the jury came to that conclusion, from the evidence, it was wholly unimportant for them to determine what was meant by the terms "more or less" when contained in a contract for the purchase of a specific quantity of oats to be sent by canal for delivery in New York.
The judgment should be reversed, and a new trial ordered, with costs to abide the event.
Judgment reversed. *Page 164